# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH FLENARY, | ) | Civil Action No. 2: 18-cv-0432 |
| | ) | |
| Petitioner, | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| v. | ) | |
| | ) | |
| PA BOARD OF PROBATION AND | ) | |
| PAROLE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

On April 4, 2018, Petitioner Joseph Flenary filed a petition for writ of habeas corpus. (ECF No. 5). He is challenging a parole revocation and recalculation order mailed October 23, 2017. Respondents have filed their Answer to the Petition (ECF No. 15), in which they argue, *inter alia*, that the Petition should be dismissed for failure to exhaust state court remedies.

A state prisoner must exhaust available state remedies before filing a petition for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b) and (c). This requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999). "The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid the federal courts in their review." *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995).

A habeas corpus petitioner bears the burden of demonstrating that he has exhausted state remedies. *O'Halloran v. Ryan*, 835 F.2d 506, 508 (3d Cir. 1987). In order to exhaust state

---

[1]. In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. jurisdiction by a United States Magistrate Judge. *See* ECF Nos. 11 and 14.

1

remedies for federal habeas corpus purposes, a petitioner must show that he has fairly presented his claims to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971). Further, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

In Pennsylvania, to exhaust a claim regarding the revocation of parole, a prisoner must first file an administrative appeal with the Pennsylvania Board of Probation and Parole. *See* 37 Pa. Code § 73.1. From there, he must seek review with the Commonwealth Court of Pennsylvania. *See* 42 Pa. C.S.A. § 763(a). Then he must file a petition for allowance of appeal in the Pennsylvania Supreme Court. *Williams v. Wynder*, 232 F. App'x 177, 181 (3d Cir. 2007).

The record indicates that Petitioner has begun the exhaustion process, but has not completed the process. He filed an administrative appeal with the Pennsylvania Board of Probation and Parole, *see* Answer, Exh. H, and on June 12, 2018, the Board's decision was affirmed. *Id.,* Exh. J. In that decision, Flenary was specifically advised as follows:

> Failure to appeal a decision may affect your legal rights. See 37 Pa. Code sec. 73. If you wish to appeal this decision, you must file an appellate petition for review with the Commonwealth Court within thirty (30) days of the mailing date of the Board's response. . . .

The record indicates that that the Board's decision was mailed June 12, 2018. The record also indicates that, to date, Flenary has not filed an appellate petition for review with the Commonwealth Court. In fact, Flenary is still within the time limit in which he is required to file a petition for review in the Commonwealth Court of Pennsylvania.

Because it is clear that Flenary has not exhausted state remedies, the petition will be dismissed without prejudice to Flenary, if appropriate, timely filing another petition after he has

exhausted state remedies.[2]  The Clerk of Court shall mark this case closed.

So **ORDERED** this 29th day of June, 2018.

BY THE COURT:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc:  JOSEPH FLENARY
JY6302
801 Butler Pike
Mercer, PA 16137
(via First Class U.S. Mail)

Alan M. Robinson
Pennsylvania Board of Probation and Parole
(via ECF electronic notification)

---

[2]  This Court need not make a certificate of appealability determination because "[a] district court's order dismissing, without prejudice, a petition for federal habeas relief for failure to exhaust state-court remedies is not a final appealable order, since it explicitly entitles the petitioner to renew habeas proceedings upon completion of review of his claims in the state court system."  BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 12:30, WestlawNext (database updated June 2018).